## FAMILY MORTGAGE CORPORATION NO. 15, a Maryland Corporation, Plaintiff–counter–defendant–Appellee,

v.

**Perry L. GREINER, an individual, Defendant–counter–plaintiff–Appellant,**

**Eastern Savings Bank, F.S.B., Counter–defendant–Appellee.**

No. 06–16029.

United States Court of Appeals, Ninth Circuit.

Submitted May 14, 2008.*

Filed May 23, 2008.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN and HAWKINS, Circuit Judges, and SELNA,** District Judge.

## MEMORANDUM ***

Because we determine that the Settlement Proposal was sufficiently definite with respect to all the material terms, we affirm the district court's order granting the motion of Family Mortgage No. 15 and Eastern Savings Bank, F.S.B. (collectively, "the Banks") to enforce a settlement agreement between the Banks and Perry L. Greiner ("Greiner").

Manifestly, the Settlement Proposal's purpose was to afford Greiner additional time to dispose of the property before it would be turned over to an auctioneer for an auction sale. In light of all the details in the document, there could be little doubt as to what the parties' obligations were and whether they breached them, and Greiner fails to identify any terms so vague as to preclude its enforcement. *See Bustamante v. Intuit, Inc.*, 141 Cal. App.4th 199, 45 Cal.Rptr.3d 692, 699 (2006).

We also reject Greiner's argument that the contract was indefinite because the parties agreed to continue negotiating on certain terms. Within the overall agreement, the issues reserved by paragraph 12 are not so essential as to make enforcement of the Settlement Proposal unfair, and they are not even disputed in this case. Even assuming the parties only agreed to agree on the issues in paragraph 12, this paragraph is clearly severable from the remainder of the agreement. *See City of Los Angeles v. Superior Court*, 51 Cal.2d 423, 333 P.2d 745, 750 (1959).

---

Peter M. Rehon, Esq., Mark V. Isola, Esq., Rehon & Roberts, San Jose, CA, for Plaintiff–counter–defendant–Appellee.

Stanford H. Atwood, Jr., Esq., Daniella R. Simon, Esq., Atwood, Haiman & Westerberg, Saratoga, CA, for Defendant–counter–plaintiff–Appellant.

** The Honorable James V. Selna, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Nor did the district court clearly err in finding that the parties orally agreed to be bound by the Settlement Proposal in the October 19, 2004 hearing. Even though the parties may have envisioned a future draft that would add the terms described in paragraph 12 and change the title from "Settlement Proposal" to, perhaps, "Settlement," they cannot escape their agreement to adhere to the terms listed in the Settlement Proposal. *Elyaoudayan v. Hoffman,* 129 Cal.Rptr.2d 41, 46–47, 104 Cal.App.4th 1421, 1429–31 (Ct.App.2003).

The district court's factual finding that Greiner assented to the Settlement Proposal must be accepted unless it is clearly erroneous. *Graham v. Balcor Co.,* 146 F.3d 1052, 1054 (9th Cir.1998). Although Greiner may not have subjectively intended to enter into an enforceable agreement when he signed the Settlement Proposal and affirmed his willingness to abide by the "changes document," there was no clear error in finding Greiner's objective intent was to enter into an enforceable agreement. *Cedars–Sinai Med. Ctr. v. Shewry,* 41 Cal.Rptr.3d 48, 60, 137 Cal. App.4th 964, 979–80 (Ct.App.2006).

Nor did the district court err by enforcing the Settlement Proposal. When the district court ordered Greiner to show cause why it should not be enforced, he presented the same enforceability arguments he raises here. They had no merit then and they have no merit now.

Finally, the district court did not engage in selective enforcement by somehow ignoring the provision requiring that disputes regarding the form of the settlement were to be resolved by Magistrate Judge Lloyd, a provision that clearly refers to the *form* of the never-finalized, *future* writing to memorialize a final, updated agreement. This case is not about the form of that future agreement; it is about the substance of the Settlement Proposal.

**AFFIRMED.**